**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-21617**

GLD, LLC,

                 Plaintiff,

v.                                    **DEMAND FOR JURY TRIAL**

GOLD PRESIDENTS LLC,

                 Defendant.

_____

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

        Plaintiff GLD, LLC ("GLD"), by and through its undersigned counsel, for its First Amended Complaint, alleges as follows:

**THE PARTIES**

        1.      Plaintiff GLD is a Delaware limited liability company having its principal place of business in Miami, Florida.

        2.      Defendant Gold Presidents LLC ("Gold Presidents") is a Texas limited liability company having its principal place of business in Dallas, Texas and its principal address at 300 North Akard Street, Apt. 3107, Dallas, TX 75201-3468.

        3.      GLD is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

**JURISDICTION AND VENUE**

        4.      This is an action for: (I) federal trade dress infringement under 15 U.S.C. § 1125(a); (II) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (III) federal trade dress dilution under 15 U.S.C. § 1125(c); (IV) trade dress dilution under Fla.

Stat. § 495.151; (V) trade dress infringement under Florida common law; and (VI) unfair competition and false designation of origin under Fla. Stat. §§ 501.201-501.213.

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Defendant under the Florida long-arm statute, Fla. Stat. § 48.193, at least because (i) Defendant, on information and belief, regularly conducts and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Florida, and (ii) GLD's claims arise out of Defendant's (1) transacting business in Florida, (2) causing tortious injury by acts in Florida, and (3) causing tortious injury in Florida.

7.      This Court has held that the exercise of personal jurisdiction over Defendant in this case is proper.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) – (c).

## GENERAL ALLEGATIONS

I.      **GLD's Business**

9.      Founded in 2014, GLD is an industry leader in the luxury jewelry and fashion marketplace.

10.     GLD designs and sells luxury jewelry and fashion apparel. GLD's jewelry and fashion apparel products are highly regarded and well-received by consumers in the United States and the world for their excellent craftsmanship, high quality, and signature style.

11.     As a result of its products' quality and unique designs, GLD's jewelry and apparel products have achieved extraordinary success in brand recognition and market penetration. In fact, many celebrities, such as Soulja Boy, Snoop Dog, Rick Ross and Justin Bieber purchase and promote GLD products, as shown below.



12. The strength and recognition of GLD's luxury jewelry products is evident from the considerable amount of unsolicited media attention acknowledging GLD's prominent use of its unique jewelry designs, including being dubbed by Forbes as the "Nike of Jewelry." True and correct copies of examples of such unsolicited media attention are attached hereto as **Exhibit A.**

13. GLD has a strong social media presence, with more than one million highly engaged Instagram fans.

II.     **GLD's Trade Dress**

14.     Since May 2019, GLD has created, and extensively and continuously used, a unique, non-functional design as a source identifier of its Alpha Era watch (the "GLD Alpha Era Watch"), and GLD holds extensive trade dress and other intellectual property rights relating thereto.

15.     GLD's highly acclaimed GLD Alpha Era Watch is shown in one design option below.



16.     GLD has trade dress rights in the overall look and appearance of the GLD Alpha Era Watch (the "GLD Alpha Era Watch Trade Dress"), including, but not limited to, the design, style, and appearance of the stone-covered bezel; the design, style, shape, and appearance of the hour and minute hands; the design, style, shape, and appearance of the dials; the design, style, shape, and appearance of the case and lug; and the design, style, shape, and appearance of the crown.

17.     The GLD Alpha Era Watch Trade Dress is non-functional, and rather a matter of aesthetics. Specifically, the totality of the aesthetic design of the GLD Alpha Era Watch, including

the stone-covered bezel, band style, Roman numeral face, and shape of its hands, would not prevent a competitor from manufacturing a different, functional watch that keeps time.

18.     GLD has achieved significant commercial success and substantial sales, advertising, and promotion of the GLD Alpha Era Watch utilizing the GLD Alpha Era Watch Trade Dress, throughout the State of Florida and the United States, including the Southern District of Florida.

19.     GLD has invested substantial effort and resources into developing and promoting the GLD Alpha Era Watch and the GLD Alpha Era Watch Trade Dress.

20.     GLD extensively advertises, promotes and offers for sale the GLD Alpha Era Watch throughout the United States, including on the GLD website, https://www.thegldshop.com/, GLD Instagram page, https://www.instagram.com/shopgld/?hl=en, and GLD Facebook page, https://www.facebook.com/thegldshop/. True and correct copies of examples of such advertisements are attached hereto as **Exhibit B.**

21.     As of February 2021, GLD has invested in excess of $300,000 in the advertising and promotion of the GLD Alpha Era Watch, including, but not limited to, advertisement creation, photo shoots and on-site assets, Facebook and Instagram advertisements, YouTube advertisements, Google Paid Search, and Google Shopping advertisements.

22.     GLD has made and continues to make sales of the GLD Alpha Era Watch to consumers throughout the United States, including sales to consumers in Alabama, Alaska, Arizona, Arkansas, Armed Forces Europe, Armed Forces Pacific, California, Colorado, Connecticut, Delaware, District Of Columbia, Florida, Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania,

Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming.

23.     GLD has also made and continues to make sales of the GLD Alpha Era Watch to consumers outside the United States, including sales to consumers in Albania, Argentina, Australia, Austria, Belgium, Bermuda, Brazil, Bulgaria, Canada, Chile, China, Croatia, Cyprus, Czech Republic, Denmark, Finland, France, French Guiana, Germany, Iceland, India, Indonesia, Ireland, Israel, Italy, Japan, Kuwait, Mexico, Netherlands, New Zealand, Norway, Pakistan, Peru, Philippines, Poland, Portugal, Romania, Russia, Saudi Arabia, South Africa, South Korea, Spain, Sweden, Switzerland, Turkey, Ukraine, United Arab Emirates, United Kingdom and Vietnam.

24.     As of February 2021, GLD's sales for the GLD Alpha Era Watch total over $2,000,000.

25.     Through GLD's consistent and extensive use of the GLD Alpha Era Watch Trade Dress, this design has become a well-known indicator of the origin and quality of the GLD Alpha Era Watch.

26.     As a result of these efforts, GLD has achieved valuable goodwill and secondary meaning in its GLD Alpha Era Watch Trade Dress.

27.     Further, as a direct result of the considerable time, effort, money, advertising, and promotion of its GLD Alpha Era Watch Trade Dress, the trade dress has become well known and distinctive.

28.     As a result of its quality and unique design, the GLD's Alpha Era Watch and GLD Alpha Era Watch Trade Dress have achieved extraordinary success in brand recognition and market penetration. In fact, many celebrities, including Rick Ross, Soulja Boy, YK Osiris, YBN

Almighty Jay, YBN Nahmir, Suave, Tayler Holder, 24hrs, Chevy Woods, Young Deji, Keemokazi and Duda Castro have purchased and promoted the GLD Alpha Era Watch, as shown below.







### III.    Defendant's Infringement of GLD's Intellectual Property, Including the GLD Alpha Era Watch Trade Dress

29.    Defendant has an established history of violating the intellectual property rights of GLD, all while Defendant manufactures, sells, and advertises its inferior products to the unsuspecting public.

30.    Defendant primarily sells and advertises its knock-off GLD products on the Gold Presidents website, https://goldpresidents.com/ and Gold Presidents Instagram page, https://www.instagram.com/goldpresidents/?hl=en.

31.     As shown by the comparison below, Gold Presidents advertises and offers for sale various jewelry products that bear an identical design to GLD authentic products.



| Infringing Gold Presidents Product | Authentic GLD Product |

32.     As shown by the comparison below, Gold Presidents also actively uses photographs of authentic GLD products to advertise inferior Gold Presidents products.  The comparison below shows the use by Gold Presidents in its advertising on Instagram of a photograph of celebrity Soulja Boy wearing GLD products.

| Gold Presidents Advertisement | Authentic GLD Products |
|---|---|



33.     As shown by the comparison below, Gold Presidents also advertises inferior Gold Presidents products using marketing and promotional campaigns identical to and copied from GLD's unique marketing and promotional campaigns, including promotion theme, promotion code, percentage discount, and use of imagery of a champagne bottle with gold chains.

| Gold Presidents Advertisement | GLD Advertisement |
|---|---|



34.     With full knowledge of GLD's ownership and use of the GLD Alpha Era Watch Trade Dress, Defendant copied and used elements of the GLD Alpha Era Watch Trade Dress on and in connection with a watch called "The Presidential" (the "Gold Presidents Presidential Watch" or "Infringing Product").

35.     Upon information and belief, Defendant began advertising the Infringing Product in December 2019 and began offering for sale the Infringing Product in 2020—at least seven months after GLD began selling the GLD Alpha Era Watch.

36.     Among the knock-off products offered on Gold Presidents' website are offers to purchase the Gold Presidents Presidential Watch. A true and correct copy of a screenshot of the Gold Presidents website offering this product for sale is attached hereto as **Exhibit C**.

37.     As shown by the comparison below, the Gold Presidents Presidential Watch bears an identical design to the GLD Alpha Era Watch.

| Gold Presidents Presidential Watch | GLD Alpha Era Watch |
|---|---|



38.     The Infringing Product imitates the same look and feel as the GLD Alpha Era Watch by adopting a similar style band, stone-covered bezel, hour and minute hands, dial, case and lug and crown. Like the GLD Alpha Era Watch, the Gold Presidents Presidential Watch also includes the same unique combination of a stone covered bezel, colored watch face, stylized signature, Roman numeral hour markers and case, lug and crown shape. The whole appearance of the Gold Presidents Presidential Watch looks similar based on the elements of the watch and the

13

combination of components therein. But for the addition of the term "Pres," the watches are identical.

39. Gold Presidents offered to sell and sold the Infringing Product to customers located throughout the United States, including in Florida.

40. The foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

41. Defendant engages in substantial activity in Florida and this District. Examples of Defendant's activity include the fact that Defendant offered the Infringing Product for sale in Florida through its website and otherwise.

42. Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the goodwill represented and symbolized by the GLD Alpha Era Watch and GLD Alpha Era Watch Trade Dress and that the GLD Alpha Era Watch and GLD Alpha Era Watch Trade Dress are widely recognized and relied upon by the public and the trade as identifying GLD and its goods and distinguishing said goods from the goods of others.

43. Defendant has relied, and will continue to rely, on GLD's existing goodwill, consumer recognition, marketing, promotion, and advertising of the GLD Alpha Era Watch so that Defendant can enhance the sale of its Infringing Product.

44. In fact, Defendant has continued to copy other GLD products and advertising even as this suit is pending, and Defendant has refused to cease and desist from such copying.

45. GLD has not authorized, licensed, or otherwise condoned or consented in any way to Defendant's use of the GLD Alpha Era Watch Trade Dress.

46. GLD has no control over the nature, quality or pricing of the goods provided by Defendant using the GLD Alpha Era Watch Trade Dress.

47.     The GLD Alpha Era Watch Trade Dress has acquired secondary meaning among the relevant consuming public and has become well known and distinctive before Defendant's sale of the Infringing Product commenced.

48.     Defendant's use of the GLD Alpha Era Watch Trade Dress is likely to dilute the distinctive qualities of the GLD Alpha Era Watch Trade Dress, to decrease the capacity of the trade dress to identify and distinguish GLD's products, and to cause harm to GLD's business reputation.

49.     Defendant's use of the GLD Alpha Era Watch Trade Dress in connection with a competing watch is likely to cause consumer confusion as to the source or affiliation of those products.

50.     Defendant's conduct complained of herein has been done and is done with the intent to cause confusion, mistake, or deception as to the source or affiliation of the parties' respective products.

51.     Defendant has misappropriated GLD's substantial property rights in the GLD Alpha Era Watch Trade Dress, as well as the substantial goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over GLD, permit Defendant to enjoy the public interest in and marketing power of the GLD Alpha Era Watch Trade Dress, and cause substantial harm to unsuspecting consumers who are likely to purchase Defendant's inferior product, believing the Infringing Product originates from or is associated with GLD.

52.     Further, if Defendant is permitted to continue using, promoting, marketing, advertising, distributing, and selling watches using the GLD Alpha Era Watch Trade Dress, its actions will continue to cause irreparable injury to GLD, to the distinctiveness of the GLD Alpha

Era Watch Trade Dress, and to the goodwill and business reputation associated with the GLD Alpha Era Watch Trade Dress.

**COUNT I**
**(Federal Trade Dress Infringement under 15 U.S.C. § 1125(a))**

53.     The GLD Alpha Era Watch Trade Dress is non-functional, and rather a matter of aesthetics.

54.     The GLD Alpha Era Watch Trade Dress is unique and distinctive as to the source of the GLD Alpha Era Watch and has acquired secondary meaning because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress. The GLD Alpha Era Watch Trade Dress is entitled to protection under both federal and common law.

55.     Defendant's use in commerce of the GLD Alpha Era Watch Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's products (including, but not limited to, the Infringing Product), without GLD's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is GLD or a licensee, authorized distributor, or affiliate of GLD, and/or that Defendant, its activities, and/or its products are authorized, endorsed, sponsored, and/or approved by GLD, or vice versa.

56.     Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the GLD Alpha Era Watch Trade Dress, to which it is not entitled in law or equity.

57.     The acts of Defendant were intentional, willful, done in bad faith, committed with the intention of deceiving and misleading the public and causing harm to GLD, and made with full knowledge of GLD's trade dress rights.

58.     Defendant's acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a).

59.     GLD has suffered, and will continue to suffer, irreparable harm from Defendant's unauthorized use of the GLD Alpha Era Watch Trade Dress unless restrained by law.

60.     As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered, and will continue to suffer, damages in an amount that is not presently ascertainable but will be established at trial and, at minimum, exceeds $75,000, exclusive of interests and costs.

## COUNT II
### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

61.     The GLD Alpha Era Watch Trade Dress is non-functional, unique and distinctive as to the source of the GLD Alpha Era Watch, and has acquired secondary meaning, because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress. The GLD Alpha Era Watch Trade Dress is entitled to protection under both federal and common law.

62.     Defendant's acts and conduct as described herein are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that the Infringing Product is either the GLD Alpha Era Watch or that the Infringing Product originates from or is somehow connected to or associated with GLD and/or GLD's GLD Alpha Era Watch Trade Dress, such as being sold or sponsored by the same party. Such acts constitute unfair competition, at least because Defendant has obtained an unfair advantage as compared to GLD, through its use of the GLD Alpha Era Watch Trade Dress to falsely designate the origin, affiliation, or sponsorship of Defendant and the Infringing Product.

63.     The acts of Defendant were intentional, willful, done in bad faith, committed with the intention of deceiving and misleading the public and causing harm to GLD, and made with full knowledge of GLD's intellectual property rights.

64.     Defendant has made, and will continue to make, substantial profits and gain from its use of the GLD Alpha Era Watch Trade Dress in the United States, to which it is not entitled in law or equity.

65.     Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

66.     GLD has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendant's unfair competition and false designation, including, but not limited to, the diversion of sales from GLD to Defendant and/or lessening of the goodwill associated with the GLD Alpha Era Watch Trade Dress.

67.     As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered, and will continue to suffer, damages in an amount that is not presently ascertainable but will be established at trial and, at minimum, exceeds $75,000, exclusive of interests and costs.

## COUNT III
### (Federal Trade Dress Dilution under 15 U.S.C. § 1125(c))

68.     The GLD Alpha Era Watch Trade Dress is non-functional, unique and distinctive as to the source of the GLD Alpha Era Watch, and has acquired secondary meaning, because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress. The GLD Alpha Era Watch Trade Dress is entitled to protection under both federal and common law.

69.     The GLD Alpha Era Watch Trade Dress is widely recognized by the general public and has acquired secondary meaning throughout the United States, entitling it to protection from dilution.

70.     Defendant's use of the GLD Alpha Era Watch Trade Dress began after the GLD Alpha Era Watch Trade Dress became distinctive.

71.     Defendant's use of the GLD Alpha Era Watch Trade Dress without authorization from GLD is likely to dilute the distinctive quality of the GLD Alpha Era Watch Trade Dress, to decrease the capacity of that trade dress to identify and distinguish the GLD Alpha Era Watch, and to cause harm to GLD's business reputation.

72.     The acts of Defendant above were intentional, willful, done in bad faith, committed with the intention of deceiving and misleading the public and causing harm to GLD, and made with full knowledge of GLD's trade dress rights.

73.     Defendant's acts and conduct complained of herein constitute trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

74.     Unless enjoined by this Court, the acts of Defendant complained of herein will cause GLD to continue to suffer irreparable harm for which there is no adequate remedy at law.

75.     As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered, and will continue to suffer damages, in an amount that is not presently ascertainable but will be established at trial and, at a minimum, exceeds $75,000, exclusive of interests and costs.

### COUNT IV
### (Trade Dress Dilution under Fla. Stat. § 495.151)

76.     The GLD Alpha Era Watch Trade Dress is non-functional, and rather a matter of aesthetics.

77.     The GLD Alpha Era Watch Trade Dress is unique and distinctive as to the source of the GLD Alpha Era Watch and has acquired secondary meaning because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress.

78.     Through prominent, long, and continuous use in commerce, including commerce within the State of Florida, the GLD Alpha Era Watch Trade Dress has become, and continues to be, distinctive throughout the State of Florida.

79.     Defendant's use of the GLD Alpha Era Watch Trade Dress began after the GLD Alpha Era Watch Trade Dress became distinctive.

80.     Defendant's use of the GLD Alpha Era Watch Trade Dress without authorization from GLD is likely to dilute the distinctive quality of the GLD Alpha Era Watch Trade Dress, to decrease the capacity of the mark to identify and distinguish GLD's products, and to cause harm to GLD's business reputation.

81.     The acts of Defendant were intentional, willful, done in bad faith, and with the intention of deceiving and misleading the public and causing harm to GLD. Defendant's bad faith is evidenced at least by the similarity of the Infringing Product to the GLD Alpha Era Watch Trade Dress, and by Defendant's continuing disregard for GLD's intellectual property rights.

82.     The aforesaid acts of Defendant constitute trade dress dilution in violation of the Florida Dilution Statute, Fla. Stat. § 495.151.

83.     Unless enjoined by this Court, the acts of Defendant complained of herein will cause GLD to continue to suffer irreparable harm for which there is no adequate remedy at law.

84.     As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered, and will continue to suffer damages, in an amount that is not presently ascertainable but will be established at trial. GLD is entitled to injunctive relief, and GLD is also entitled to recover at least Defendant's profits, actual damages, and costs under Fla. Stat. § 495.151.

## **COUNT V**
**(Trade Dress Infringement under Florida Common Law)**

85.     The GLD Alpha Era Watch Trade Dress is non-functional, and rather a matter of aesthetics.

86.     The GLD Alpha Era Watch Trade Dress is unique and distinctive as to the source of the GLD Alpha Era Watch, and has acquired secondary meaning across the United States, and

particularly in the State of Florida, because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress.

87.    GLD's use of the GLD Alpha Era Watch Trade Dress predates any alleged use by Defendant in the United States and in the State of Florida.

88.    Defendant's use in commerce of the GLD Alpha Era Watch Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Product without GLD's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is GLD or a licensee, authorized distributor, or affiliate of GLD, or that Defendant, its activities, and/or its Infringing Product is authorized, endorsed, sponsored, and/or approved by GLD, or vice versa.

89.    Defendant used, and presently uses, the GLD Alpha Era Watch Trade Dress in the State of Florida, without GLD's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition GLD has established in the GLD Alpha Era Watch Trade Dress.

90.    Defendant made, and will continue to make, substantial profits and gain from its unauthorized use of the GLD Alpha Era Watch Trade Dress to which it is not entitled in law or equity.

91.    The acts of Defendant were intentional, willful, done in bad faith, and with the intention of deceiving and misleading the public and causing harm to GLD. Defendant's bad faith is evidenced at least by the similarity of the Infringing Product to the GLD Alpha Era Watch Trade Dress, and by Defendant's continuing disregard for GLD's intellectual property rights.

92.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade dress infringement in violation of the common law of the State of Florida.

93.     Unless enjoined by this Court, the acts of Defendant complained of herein will cause GLD to suffer irreparable harm for which there is no adequate remedy at law.

94.     As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT VI**
**(Unfair Competition and False Designation of Origin under Fla. Stat. § 501.201-501.213)**

95.     The GLD Alpha Era Watch Trade Dress is non-functional, unique and distinctive as to the source of the GLD Alpha Era Watch, and has acquired secondary meaning across the United States, and particularly in the State of Florida, because consumers associate GLD as the source of goods provided under the GLD Alpha Era Watch Trade Dress.

96.     GLD created the GLD Alpha Era Watch Trade Dress through extensive time, labor, effort, skill, and money.

97.     GLD's use of the GLD Alpha Era Watch Trade Dress predates any alleged use by Defendant in the United States in the State of Florida.

98.     Defendant's use in commerce of the GLD Alpha Era Watch Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Product constitutes a false and misleading representation of fact, because Defendant is not affiliated or associated with, endorsed or sponsored by, or otherwise connected to GLD or the GLD Alpha Era Watch.

99.     Defendant's use in commerce of the GLD Alpha Era Watch Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Product is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is GLD, or is a licensee, authorized distributor, or affiliate of GLD, or that Defendant,

its activities, and/or its Infringing Product are authorized, endorsed, sponsored, or approved by GLD, or vice versa.

100.    Defendant used, and presently uses, the GLD Alpha Era Watch Trade Dress without GLD's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition GLD has established in the GLD Alpha Era Watch Trade Dress, and to sow consumer confusion between the parties' and their products.

101.    Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the GLD Alpha Era Watch Trade Dress to which it is not entitled in law or equity.

102.    Defendant's misappropriation of the GLD Alpha Era Watch Trade Dress has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Infringing Product to the GLD Alpha Era Watch Trade Dress, and by Defendant's continuing disregard for GLD's intellectual property rights.

103.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of Fla. Stat. §§ 501.201-501.213.

104.    As a direct and proximate result of Defendant's infringing and unlawful acts, GLD has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GLD requests of the Court the following relief:

A.    A Declaration that Defendant has infringed GLD's Alpha Era Watch Trade Dress;

B.    An Order preliminarily and permanently enjoining and restraining Defendant from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering

for sale, and/or selling any product (including, but not limited to, the Infringing Product) that infringes GLD's Alpha Era Watch Trade Dress;

C.       An Order permanently enjoining and restraining Defendant from engaging in any act of unfair competition and trade dress dilution utilizing any trade dress that is identical or confusingly similar to the GLD Alpha Era Watch Trade Dress;

D.       An Order directing Defendant to remove the GLD Alpha Era Watch Trade Dress, or any colorable imitation(s) thereof, from all of Defendant's products (including, but not limited to, the Infringing Product), as well as from any websites or promotional materials, whether electronic, printed or otherwise, under Defendant's direct or indirect dominion and control;

E.       An Order, pursuant to 15 U.S.C. § 1118 and Florida law, directing the seizure, delivery, and destruction of each good within Defendant's possession, custody, and control that infringes GLD's exclusive rights in and to the GLD Alpha Era Watch Trade Dress;

F.       An Order directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on GLD's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.       An Order directing an accounting to determine Defendant's profits resulting from its unlawful activities set forth herein;

H.       An Order awarding GLD compensation for any and all damages, injury, and harm pursuant to 15 U.S.C. § 1117 and Florida law;

I.       An Order directing Defendant to pay, jointly and severally, full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendant as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and Florida law;

J.      An Order awarding GLD treble damages resulting from Defendant's willful and intentional conduct pursuant to 15 U.S.C. § 1117;

K.      An Order awarding GLD its reasonable costs pursuant to Florida law, and a declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117;

L.      An Order awarding GLD its reasonable attorneys' fees;

M.      An Order awarding GLD any further relief this Court shall deem just and equitable.

## **JURY DEMAND**

Plaintiff GLD demands a trial by jury for all issues so triable.

Dated: February 19, 2021                 Respectfully submitted,

/s/ *Michael A. Gross*
Michael A. Gross
ULMER & BERNE LLP
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel.: (561) 989-3238
Fax: (216) 583-7089
mgross@ulmer.com

Rachael L. Rodman
(admitted *pro hac vice*)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, OH  43215
Tel.: (614) 229-0038
Fax: (614) 229-0039
rrodman@ulmer.com

Hillary E. Maynard
(admitted *pro hac vice*)
ULMER & BERNE LLP
500 W. Madison Street, Suite 3600
Chicago, IL 60661
Tel.: (312) 658-6558
Fax: (312) 658-6559
hmaynard@ulmer.com

*Attorney for Plaintiff GLD, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document has been filed electronically on February 19, 2021, and is available for viewing and downloading from the ECF system. Service on each party was accomplished by operation of the ECF System via electronic mail.

<u>/s/ *Michael A. Gross*</u>
Michael A. Gross

*One of the Attorneys for Plaintiff, GLD, LLC*